

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CATUARA,<br><br>Plaintiff,<br><br>v.<br><br>SOLO CUP COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  08CV0042<br>)  JUDGE SHADUR<br>)  MAG. JUDGE MASON<br>)<br>)<br>)  *JURY TRIAL DEMANDED*<br>)<br>) |

FILED
JAN - 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
Jan 3, 2008

## COMPLAINT

**NOW COME** the Plaintiff, Joseph Catuara (hereinafter "Plaintiff") by and through his attorneys, The Thollander Law Firm, Ltd., and complains against Solo Cup Company (hereafter "Defendant") as follows:

### THE PARTIES

1. Plaintiff is and at all times herein a 42 year-old male and a resident of Illinois. On August 1, 2005, Plaintiff was hired by the Defendant as its IT Audit Manager.

2. Over the ensuing 18 months, Plaintiff remained employed by Defendant.

3. Defendant is and at all times herein has been a for profit enterprise employing in excess of 10,000 individuals in Illinois and throughout the United States.

4. This is a Federal Action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Opportunity Act of 1972 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA").

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

6. Venue is proper pursuant to 28 U.S.C. §1391(b).

## ADMINISTRATIVE PREREQUISITES

7. On or about April 6, 2007, Plaintiff filed a charge of discrimination (Charge Number 440-2007-04457) against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and cross-filed with the Illinois Department of Human Rights charging the Defendant with age discrimination.

8. On or about November 19, 2007, the EEOC issued a right-to-sue letters to Plaintiff, received by Plaintiff on or about November 21, 2007, with respect to Plaintiff's charge. A true and accurate copy is attached hereto and incorporated by reference as Group Exhibit A.

9. Plaintiff has completed all administrative prerequisites to bringing this action.

## COUNT I
### *(Age Discrimination)*

1-9. Plaintiff realleges and restates paragraphs 1-9 as set forth above as paragraphs 1-9 of Count I as if fully set forth herein.

10. Defendant is and at all relevant times was an "employer" within the meaning of §630(b) of the ADEA, engaged in an industry affecting commerce and continuously employing twenty or more employees.

11. Plaintiff is and at all relevant times was an "employee" of Defendant within the meaning of §630(f) of the ADEA.

12. Plaintiff, at age 42, is a member of the age group protected under §631(a) of the ADEA.

13. Plaintiff was hired by Defendant on August 1, 2005, as Defendant's IT Audit Manager. Over the course of the following 18 months, Plaintiff received a positive evaluation while meeting or exceeding Defendant's overall performance expectations.

14. On January 2, 2007, Plaintiff's supervisor, Jerry Bearden, was replaced by Michael Ryan. Michael Ryan was and is substantially younger than Plaintiff.

15. Shortly after Michael Ryan became Plaintiff's supervisor, Mr. Ryan became openly hostile, demeaning and offensive. Plaintiff as a member of a protected class was treated differently than younger, less senior employees.

16. Over the course of the ensuing period leading up to Plaintiff's discharge on March 9, 2007, Plaintiff was treated adversely based upon his age. Such adverse treatment, including but not limited to, one or more of the following: (1) issuance of an "unsatisfactory performance review" contrary to Defendant's policies and procedures; (2) reassignment and modifications to Plaintiff's duties and responsibilities; (3) assigned arbitrarily dates for improvement contrary to Defendant's policies and procedures, while younger employees were given and received greater latitude; (4) Plaintiff's supervisor, Michael Ryan made hostile and offensive comments concerning older workers; and (5) terminated Plaintiff on March 9, 2007.

17. The acts and actions of the Defendant toward Plaintiff were based upon his age, in violation of §623(a) of the ADEA.

18. Younger less senior employees were treated more favorably than Plaintiff.

19. Defendant willfully and intentionally violated the ADEA.

20. The Defendant intentionally and maliciously discriminated against Plaintiff on the basis of his age.

21. As a direct and proximate result of Defendant's aforesaid conduct, Plaintiff has suffered and continues to suffer irreparable harm, including injury to his reputation, in that Defendant has denied him, and continues to deny him, equal employment opportunities and benefits, and Plaintiff will continue to suffer such harm unless the injunctive relief requested is granted.

22. As a direct and proximate result of Defendant's aforesaid conduct, Plaintiff has suffered damages, including adverse employment action, loss of past and future earnings and benefits, damage to reputation and status, attorney's fees and costs.

23. Plaintiff requests a trial by jury.

**WHEREFORE**, the Plaintiff, Joseph Catuara, respectfully requests that this Honorable Court enter judgment against Defendant, Solo Cup Company, and award Plaintiff the following relief:

A. issue a permanent injunction ordering Defendant to reinstate Plaintiff to the position he had prior to his termination.

B. front pay, back pay, fringe benefits, health insurance benefits, pension credits and social security credits Plaintiff would have earned but for the unlawful discriminatory acts of Defendant and other affirmative relief necessary to eradicate the effects of same, including, but not limited to prejudgment interest;

C. compensatory damages for past and future pecuniary and nonpecuniary losses, including, but not limited to compensation for damage to reputation and status and humiliation;

D. award Plaintiff punitive damages;

E. an order enjoining Defendant from engaging in further unlawful discrimination;

F. attorney's fees, costs and expenses of this action; and

G. such other relief as this Court deems just and proper.

*Respectfully submitted,*

Joseph Catuara

By: _____
One of his attorneys

The Thollander Law Firm, Ltd.
1048 Ogden Avenue
Suite 200
Downers Grove, Illinois 60515
(630) 971-9195 (voice)
(630) 971 – 9240 (facsimile)
A.R.D.C. 6202012

## VERIFICATION

I, Joseph Catuara, verify that the allegations set forth in the Complaint are true and correct to the best of my information and belief, and under penalties of perjury pursuant to 28 U.S.C. §1746, verify same to be true and correct.

*Joseph Catuara*

Executed on December 18, 2007.

The Thollander Law Firm, Ltd.
1048 Ogden Avenue
Suite 200
Downers Grove, Illinois 60515
(630) 971-9195 (voice)
(630) 971 – 9240 (facsimile)
A.R.D.C. 6202012

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Joseph Catuara**
1502 Eagle Ridge Drive
Antioch, IL 60002

From: **Chicago District Office**
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8814 7764

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-04457 | Kathleen Leaver, Investigator | (312) 353-8766 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

11/19/07 (Date Mailed)

cc: SOLO CUP COMPANY/MICHAEL RYAN



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sarita Gaddis and mailed to the address above or faxed to (312) 353-4041.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* <u>Before filing a lawsuit,</u> but within 90 days of your receipt of the Right to Sue, or

* <u>After your lawsuit has been filed.</u> If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint that shows the court docket number.

If you are the Respondent you may be granted access to the file <u>only after</u> a lawsuit has been filed. Include with your request a copy of the first page of the court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to the file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by Aloha Document Services, 55 East Jackson Blvd., Suite 310, Chicago, IL 60604, (312) 542-1300. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, <u>it is recommended that you first review your file</u> to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent <u>in its entirety</u> to the copy service, <u>and you will be responsible for the cost.</u> Payment must be made directly to Aloha Document Services.

(revised 04.07)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period**.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private** employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court.**

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

11/2000

| CHARGE OF DISCRIMINATION | AGENCY<br>☐ FEPA<br>☒ EEOC | CHARGE NUMBER<br>440-2007-04457 |
|---|---|---|

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

_____Illinois Department of Human Rights_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Joseph Catuara | | HOME TELEPHONE (Include Area Code)<br>(773) 485 - 8663 |
|---|---|---|
| STREET ADDRESS<br>1502 Eagle Ridge Drive | CITY, STATE AND ZIP CODE<br>Antioch, Illinois 60002 | DATE OF BIRTH<br>09/14/65 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>Solo Cup Company | Number of employees, members<br>Greater than 30 | TELEPHONE NUMBER (Include Area Code)<br>847-579-3479 | |
|---|---|---|---|
| STREET ADDRESS<br>1700 Old Deerfield Road | CITY, STATE AND ZIP CODE<br>Highland Park, Illinois 60208 | | COUNTY<br>Lake |
| NAME (Indicate Mr., Ms., Mrs.)<br>Michael Ryan | | TELEPHONE NUMBER (Include Area Code)<br>847-579 - 3479 | |
| STREET ADDRESS<br>1700 Old Deerfield Road | CITY, STATE AND ZIP CODE<br>Highland Park, Illinois 60035 | | COUNTY<br>Lake |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate boxes)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                    LATEST
  /  /                   March 9, 2007

☐ continuing action

THE PARTICULARS ARE (If additional space is needed, attach entire sheet(s)):

See attached Appendix to Charge of Discrimination

RECEIVED EEOC
APR 1 3 2007
CHICAGO DISTRICT OFFICE

☒ I want this charge filed with both the EEOC and the State of Local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4-6-07    Charging Party (Signature)

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, Month, and Year)

440-2007-04457

## Joseph Catuara
## Appendix to Form 5, Charge of Discrimination

On August 1, 2005, I was hired by Solo as its IT Audit Manager. My responsibilities included internal information technology controls over financing as required by the Sarbanes Oxley Act. Over the course of the ensuing 18 months, I performed his duties and responsibilities in exemplary fashion. As evidenced by my February 17, 2006, Performance Review Form, I met or exceeded Solo's overall performance expectations. At the time of this review, which was the last documented performance review, there were no documented complaints as to substandard performance, poor productivity, failed responsibilities or other indicators of unsatisfactory performance.

On January 2, 2007, my supervisor, Jerry Bearden, was replaced by Michael Ryan. Mr. Ryan is substantially younger than me. Prior to Mr. Ryan's promotion, I worked with Mr. Ryan, noting that Mr. Ryan communicated no complaints concerning my performance whatsoever. Moreover, I noted that Mr. Ryan made comments indicative of age bias, such as referring to younger employees and potential candidates for Solo's Accounting Department as having less "baggage" and "bad habits".

Shortly after Mr. Ryan's promotion, Mr. Ryan was out of the office until January 17, 2007. On January 19, 2007, I was summoned into Mr. Ryan's office whereupon I received a written warning for "unsatisfactory performance". Mr. Ryan's actions in issuing a written warning conflict with Solo's documented Corrective Action Policy as this policy requires a progressive disciplinary process prior to termination. Said process encompasses a verbal warning, written warning, final warning and then termination. Each process provides the employee from 3 to 12 months to rehabilitate their respective performance deficiencies. The initial process (verbal warning) provides a mechanism so that the employee is aware of their unacceptable performance and allowed sufficient time to address same (3 months). In direct violation of the Corrective Action Policy, Mr. Ryan bypassed the verbal warning, issuing me a "final written warning" as termination immediately followed the scant period (six (6) weeks).

Aside from Mr. Ryan's deliberate failure to follow Solo's policies, Mr. Ryan's criticisms are erroneous. Immediately prior to Mr. Ryan's promotion I was neither advised, informed nor otherwise notified of any shortcomings in my performance. Second, at the time of January 19, 2007, performance counseling, I had yet to tender any final reports, reviews, plans or any written documentation to Mr. Ryan for his review thereby questioning the legitimacy of the purported "review". Third, over the course of the six (6) weeks, I repeatedly inquired as to my performance with Mr. Ryan being advised that I was "getting better" and "improving". Fourth, Mr. Ryan required Herculean changes in my skills and responsibilities effectively requiring me to become an internal auditor as opposed to the role and position I held and maintained, IT Audit Manager. The required performance changes could not feasibly be accomplished within the arbitrary time period selected by Mr. Ryan. Fifth, Mr. Ryan had previously made comments indicative of age bias, such as his preference and intention to hire "younger workers". Sixth, it is understood that younger employees have assumed my duties and responsibilities.

I believe that I have been discriminated against based upon my age and in retaliation for raising concerns as to the conduct of Solo Cup Company and its staff.